Bronson, J.
That case, as reported, has. not been followed—certainly not of late. Motions of this kind are addressed to the sound discretion of the court, and we think that discretion will be best exercised after hearing all the facts, so far as either party chooses to present them. I will hear the answering affidavits.
Affidavits were then read, for the purpose of showing that this was a proper town charge, and that all the proceedings had been regular. After the reading of the papers had been completed,
Western, for the relator, insisted that the proceedings complained of were so clearly irregular and void, that the court should at once make an order for quashing them, without waiting the dilatory course of a certiorari, or other writ. [Bronson, J. Until the proceedings are regularly removed into this court, we have no power to quash them.] I shall then ask for a mandamus, or some other appropriate writ, for the relief of the relator and the other tax-payers who complain of these proceedings. [Bronson, J. I do not see what use can be made of a writ of mandamus in a case like this.] I will then confine myself to the writs of certiorari and prohibition. A certiorari should be directed to the town auditors, for the purpose of setting aside their proceedings in allowing the accounts ; and also to th,e board of supervisors, for the purpose of quashing their proceedings—at least, so far as relates to the illegal charges in question. But a certiorari alone will not answer the purpose; for before we can reach the end of our application in that way, the tax will be collected. A writ of prohibition should therefore be directed to the collector, restraining him from taking any further step in the collec *198 tion of the tax. The People v. Works, (7 Wendell 486,) is an authority in point for awarding a prohibition. The counsel then examined at large the various objections to the proceedings, and cited several authorities in support of his positions.
H E. Davies Sp M. T. Reynolds opposed the motion.
An order to stay the collector’s proceedings on thp warrant for collecting the tax, until this motion should be decided, had been made by Roderick R. Morrison, a supreme court commissioner for the county of Richmond. As the court did not propose to decide the main question until time had been taken to look into the papers, Davies asked that the 'order to stay proceedings might be vacated.
Bronson, J.
There is no occasion for doing that. The order was a nullity from the beginning. There Was no suit or proceeding in' this court, and neither the commissioner nor a judge of this court had any authority to stay the collector.
At a subsequent day, the opinion of the court was delivered by
Bronson, X
In the view I have taken of the case, it will not be necessary to go into a particular examination of all the objections which have been urged against these proceedings. If the relator has confidence in the opinion thatithe warrant of the supervisors is void Upon its face for any of the defects which have been pointed out, or thinks the collector has forfeited his office by omitting to execute a bond in’due time, or in the proper form, he can try those questions in an action of trespass or replevin, when his property shall be seized; and it cannot often be proper to award a cornmon law wit of certiorari, where the party has an adequate remedy in another form. Indeed, a certiorari to the town auditors, or the board of supervisors, *199 would only bring up such proceedings as still remain before those bodies respectively. It would not remove the warrant in the hands of the collector, nor would the return show whether the collector had forfeited his office. And clearly we cannot send a certiorari to that ministerial officer for the purpose of examining the process under which he is acting, or to en-quire into the title by which he holds his office. There is no precedent for such a proceeding.
In relation to the principal question, the affidavits in opposition to the motion leave little room for doubt, that should a certiorari be sent to the town auditors, the return would state the costs in question to be a proper town charge. But if they should admit the contrary to be the truth, and we should thereupon quash their proceedings, it would not overthrow tire subsequent proceedings of the supervisors, in assessing the tax. That board had before it a certificate in due form, of the auditing of the town accounts of North Hempstead for the year 1840, which was a sufficient authority for what the board did, whether the accounts had in fact been properly audited or not. Indeed, the supervisors had no discretion but to direct the amount specified in the certificate to be levied and raised upon the town. (Statute of 1840, p. 251, ch. 305.) There can, therefore, be no use in sending a certiorari to the town auditors.
If the writ should be directed to the board of supervisors, it must still fail to accomplish the end which the relator has in view. The supervisors would return, that the sums which they directed to be levied upon the town of N. H., were duly certified to them as town charges by the proper board for settling that question; and that would be an end of the matter. The proceedings would be affirmed as a matter of course.
But it is said that the certificate of the town auditors was insufficient. The board of town auditors consists of the supervisors, town clerk, and two or more of the justices of the peace of the town. (Statutes of 1840, p. 251, ch. 305.) The first objection is, that the officers composing *200 the board have only signed their names, without adding their official titles to the certificate. But they have done something more. The certificate purports to be made by “the board of. auditors of the town of North Hempsteadand that is, I think, sufficient. It is also objected, that it does not appear on the face of the certificate, that the auditors, met at the time and place prescribed by law. It is enough that they in fact met at the proper time and place. Another objection is, that the supervisor did not sign the certificate. He met with the other officers constituting the board, and when the body was properly formed, a majority of the members could act, although the supervisor or any other member should dissent. None of the minor objections to the certificate are well taken.
If these views are correct, the awarding of the writ could be of no use to the relator. But if we assume that there is some defect in the proceedings which might be reached by a certiorari, I still think the writ ought not to be granted. This is an attempt to remove the proceedings of the board of supervisors in assessing the general town and county taxes upon the taxable inhabitants of North Hempstead; and the errors into which the board may have fallen cannot be corrected in this *way without producing great public inconvenience. This subject was fully considered in The People v. The Supervisors of Allegany, (15 Wendell, 198.) We thought it not a proper exercise of discretion, to allow a certiorari in such a case, and, retracing our steps, we quashed the writ which had been awarded, notwithstanding the fact that a return had been made, and the cause had been argued upon its merits. We see no occasion for departing from that decision. In addition to the authorities cited on that occasion, I will mention that another case is referred to in Mooers v. Smedley, (6 John. Ch. R. 28,) where a certiorari to the supervisors was denied by this court.
The only remaining branch of this case is the motion of the relator for a "writ of prohibition to the town collector to stay the levying of the tax. A writ of prohibition does *201 not lie to a ministerial officer to stay the execution of process in his hands. It is directed to a court in which some action or legal proceeding is pending, and to the party who prosecutes the suit, and commands the one not to hold, and the other not to follow, the plea. It stays both the court and the party from proceeding with the suit. The writ was framed for the purpose of keeping inferior courts within the limits of their own jurisdiction, without encroaching upon other tribunals. (2 Inst. 601. F. N. B. 94. Vin. Ab. tit. Prohibition; and same title in Com. Dig., Bac. Ab. 7th Lond, ed,, and Tomlin’s Law Dict. 3 Bl. Com. 111. See also Tomlin’s Law Dict, tit. Consultation; and F. N. B. 116.) Our statute also shows that the writ issues to a court and prosecuting party—not to a ministerial officer. (2 R. S. 587, § 61, 65.) In the People v. Works, (7 Wendell, 486,) although the motion for a prohibition seems to have been granted, the remarks of the chief justice are in perfect harmony with what has been said in this opinion in relation to the proper office of the writ: and that case must not be understood as having decided any thing more than that the tax then under consideration was illegal. There is not the slightest foundation in the books for saying, that a prohibition may issue to a ministerial officer to stay the execution of process in his hands.
If the relator has suffered, or is in danger of suffering an injury, he is mistaken in supposing that we can grant the relief which he asks.
Motion denied.